# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| KERRY MCCOVERY, #271 837, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16cv744-MHT |
| | ) | [WO] |
| WARDEN W. MYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending on a complaint filed by Kerry McCovery, a state inmate incarcerated at the Easterling Correctional Facility when he filed this action, alleging a claim of excessive force in violation of the Eighth Amendment. On May 17, 2017, the court entered an order directing Plaintiff to file a response to Defendants' answer, special report, and supplemental special report. Doc. 27. On May 26, 2017, the envelope containing Plaintiff's copy of the May 17, 2017 Order was returned to the court marked as undeliverable.

In light of the foregoing, and as Plaintiff had not provided the court with a correct address since filing this complaint, the court entered an Order requiring that by June 9, 2017 Plaintiff file with the court a current address and show cause why this case should not be dismissed for his failure to prosecute this action. Doc. 28. This order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 28. On June 8, 2017, the envelope containing Plaintiff's copy of the May 30, 2017 Order to show cause was returned to the court marked as undeliverable.

The foregoing makes clear that Plaintiff has failed to comply with the directives of the

orders entered by this court, reflecting a lack of interest in the continued prosecution of this case and leading the court to conclude that any measure less drastic than dismissal would not be effective in assuring Plaintiff's proper participation in this litigation. This action cannot proceed in Plaintiff's absence. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is further ORDERED that **on or before June 27, 2017** the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 13th day of June, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE